UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
NICHOLAS A. by his parents,                   *
Bruce and Laura A. as next friends,           *
Plaintiff                                     *
                                              *    Case No. 04-30081-MAP
v.                                            *
                                              *
BELCHERTOWN PUBLIC SCHOOLS,                   *
Defendant                                     *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ANSWER OF DEFENDANT BELCHERTOWN PUBLIC SCHOOLS

1. The Introduction does not require a response. To the extent that the Introduction alleges facts which are inconsistent with the Answer of Defendant Belchertown Public Schools (hereinafter "Belchertown"), the allegations contained in the Introduction are denied.

2. Paragraph 2 does not require an answer. However, to the extent that Paragraph 2 alleges facts that are inconsistent with the Answer of Belchertown, Belchertown denies the allegations contained in Paragraph 2.

3. Belchertown admits the allegations contained in Paragraph 3.

4. Belchertown admits the allegations contained in Paragraph 4.

5. Belchertown admits the allegations contained in Paragraph 5.

6. Belchertown admits that Nicholas A. (Nicholas) is a student who is entitled to receive special education services pursuant to state and federal law, has learning disabilities in the areas of basic reading, math computations and written language, and has attention and organizational issues. Belchertown denies the other allegations contained in Paragraph 6.

7. Belchertown admits the allegations contained in Paragraph 7.

8. Belchertown admits that Nicholas' parents rejected the IEP offered by Belchertown, but has insufficient knowledge of the truth of the other allegations contained in Paragraph 8 and therefore, denies the other allegations contained in Paragraph 8.

9. Belchertown admits that Attorney Carol Booth of Burres, Fidnick, Booth & Kaufman, LLP in Amherst, Massachusetts represented the Parents during the proceedings before the Bureau of Special Education Appeals, and that Belchertown at all times relevant to the Complaint, was represented by Attorney Regina Williams Tate of Murphy, Hesse, Toomey & Lehane, LLP in Quincy, Massachusetts, but Belchertown has insufficient knowledge of the truth of the other allegations contained in Paragraph 9, and therefore, denies the other allegations in Paragraph 9.

10. Belchertown admits that the Parents filed a Request for Hearing with the Bureau of Special Education Appeals, Hearing Officer Catherine Putney-Yaceshyn was assigned to the case, and a pre-hearing conference was scheduled; Belchertown has insufficient knowledge of the truth of the other allegations contained in Paragraph 10, and therefore, denies the other allegations contained in Paragraph 10.

11. Belchertown admits the allegations contained in Paragraph 11.

12. Belchertown admits that the Parents rejected the September, 2003 IEP, that they accepted services offered in the IEP conditionally, that Nicholas began receiving some of the offered tutoring services beginning in October, 2003, but denies the other allegations contained in Paragraph 12.

13. Belchertown admits the allegations contained in Paragraph 13.

14. Belchertown admits that its position was that its program as set forth in the September IEP met the federal and state standards and was appropriate for Nicholas, but that was not the entire position of Belchertown; therefore, Belchertown denies the other allegations contained in Paragraph 14.

15. Belchertown admits that the Parents' position was that services offered by Belchertown were inadequate to provide Nicholas with a free and appropriate public education and that the addition of tutoring services was insufficient, but denies the other allegations contained in Paragraph 15.

16. Belchertown admits that the Parents sought placement of Nicholas at the White Oak School, a private day school allegedly providing services for learning disabled students; however, Belchertown has insufficient knowledge of the truth of the other allegations contained in Paragraph 16, and therefore, deny the other allegations contained in Paragraph 16.

17. Belchertown admits the allegations contained in Paragraph 17.

18. Belchertown admits that Hearing Officer Catherine Putney-Yaceshyn issued a decision dated March 18, 2004 and that a true and complete copy of the hearing decision is attached to the Plaintiff's Complaint. However, Belchertown states that the hearing decision stands on its own, and to the extent that Paragraph 18 of the Complaint is not a

complete, verbatim transcription of the decision of the Hearing Officer, Belchertown denies the allegations contained in Paragraph 18.

19. Belchertown states that the decision of the Hearing Officer stands on its own, and to the extent that Paragraph 19 is not a complete, verbatim transcription of the Hearing Officer's decision, Belchertown denies the allegations contained in Paragraph 19.

20. Belchertown denies the allegations contained in Paragraph 20.

21. Belchertown denies the allegations contained in Paragraph 21.

22. Belchertown has insufficient knowledge of the truth of the allegations contained in Paragraph 22, and therefore, denies the allegations contained in Paragraph 22.

23. Belchertown admits that the Hearing Officer ordered one additional service for Nicholas, her decision is not supported by the evidence, is contrary to the law and is erroneous. Belchertown admits that the Hearing Officer failed to acknowledge and accord due weight to the evidence, but denies all other allegations contained in Paragraph 23.

24. Belchertown denies the allegations contained in Paragraph 24.

25. Belchertown admits that after the Hearing Officer's order was issued, the special education teacher did leave her position for her maternity leave. Belchertown further states that the other allegations contained in Paragraph 25 are irrelevant to the determination of whether the IEP proposed in September, 2003 provided Nicholas with a free appropriate education, and therefore, denies the allegations contained in Paragraph 25.

26. Belchertown denies the allegations contained in Paragraph 26.

27. Belchertown admits the allegations contained in Paragraph 27.

28. Belchertown denies the allegations contained in Paragraph 28.

29. Belchertown denies the allegations contained in Paragraph 29.

30. Belchertown reasserts each of its answers to Paragraphs 1 - 29 as if fully stated herein, and are hereby incorporated by reference.

31. Belchertown denies the allegations contained in Paragraph 31.

32. Belchertown restates each of its answers to Paragraphs 1 - 29 as a fully stated herein, and are hereby incorporated by reference.

33. Belchertown admits the allegations contained in Paragraph 33, but for different reasons

than those cited by the Parents, and the court is referred to the allegations of the counter-claim.

### COUNTERCLAIM OF DEFENDANT BELCHERTOWN PUBLIC SCHOOLS

1. Belchertown restates and incorporates by reference each of its responses to the allegations made in Paragraphs 1 - 29 of the Answer, as if fully stated herein, and are incorporated by reference.

2. Although the Hearing Officer ordered one additional service for Nicholas, her decision that the IEP proposed by Belchertown, the services of which were accepted conditionally by the Parents, did not provide Nicholas with a free appropriate public education, is not supported by the evidence, is contrary to the law and is erroneous. The Hearing Officer failed to acknowledge and accord due weight to the evidence that Nicholas made effective progress with the implementation of the IEP as it was written, and without the additional service which she ordered.

3. The Hearing Officer's decision is not supported by the evidence, is contrary to the law and is erroneous in that Nicholas did not require specialized instruction in organizational strategies in order to receive a free appropriate public education in the least restrictive environment.

### VIOLATION OF 20 U.S.C. §1401 ET SEC AND §M.G.L.c.71B

4. The facts set forth in Belchertown's Answers to Paragraphs 1 - 29 of the Complaint, as well as Paragraphs 1 - 3 of the Counterclaim, are reasserted as if fully set out herein, and are hereby incorporated by reference.

5. The Hearing Officer violated both state and federal law when she issued a decision finding that Belchertown did not provide the student with a free appropriate public education, and therefore, that part of her decision was erroneous, not based upon the evidence and was arbitrary and capricious.

### REQUEST FOR RELIEF

Therefore, Belchertown requests that this honorable court grant the following relief:

1. Reverse the decision of the Hearing Officer in part, and find that the IEP and proposed program for Nicholas provided him with a free appropriate public education with or without the specialized instruction in organizational strategies required by the Hearing Officer's decision.

2. Grant such other relief as this court deems necessary and proper.

Respectfully submitted,
BELCHERTOWN PUBLIC SCHOOLS
By Its Attorney

_____
Regina Williams Tate
Murphy, Hesse, Toomey and Lehane
300 Crown Colony Drive
P.O. Box 9126
Quincy, MA 02269-9126
Telephone: (617) 479-5000

Dated: July 17, 2004

CERTIFICATE OF SERVICE

I, Regina Williams Tate, do hereby certify that I have forwarded a copy of the foregoing document by first class mail, postage prepaid to the attorney for the Parents, Carol Booth, Burres, Fidnick, Booth & Kaufman, LLP, 190 University Drive, Amherst, MA 01002.

_____7/17/04_____                    _____
Date:                                     Regina Williams Tate